Turley, J.,
delivered the opinion of the court.
The only question presented for our consideration in this case is, whether a deed of bargain and sale with covenant of warranty,' executed for a tract of land in which there is an assigned dower interest in the possession of the dowager, and which interest is not excluded in the deed of bargain and sale, is champertous under the provisions of the act of 1821, ch. 66; and we think it is not.
The objects of that statute were to prevent fraud and oppression, which had been too often practiced in the buying up outstanding titles of a doubtful and disputed character, whereby to harrass those in possession, who were often poor and ignorant, and unable thereby to protect themselves against a rich and powerful antagonist ; and this is done by providing that “no person shall agree to buy or sell any pretended right or title in lands, tenements, or any interest therein; and if any such buying or selling be made when the seller has not himself, or by his agent, or tenant, or ancestor, been in actual possession of the same, or of the reversion or remainder, or taken the rents or ''profits for one whole year next before such sale, the same shall be utterly void. Pro *356 vided, that nothing therein contained shall be so construed as to prevent an absolute bona fide sale of lands and tenements, not possessed and held adversely at the time of sale.”
Now, what is meant in the statutes by the use of the words “possessed and held adversely at the time of the sale?” Unquestionably that the possession of the occupier shall be adverse to the title of the vendor, antagonistic to it, and not a possession in accordance with it; because the statute was intended to protect in the case of adversary claimants, when the title of the one could not be maintained if the right of the other could be established'; but when the title of the vendor and the possession are not discordant, and may well stand together, there is no necessity for an interference and a prohibition of sale on the part of the person out of possession, and the statute makes no provision for such case; but only for the case of an adverse holding, a holding resisting the title of him who is out of possession.
In the cases of mortgagor and mortgagee, landlord and tenant, heir at law and dowager, the possession is not adverse to the title in fee, but subservient to it; the estate claimed in such cases is dependent upon that of the tenant in fee, who is the remainder man, and not in estimation of law a possession by adverse holding; but he may sell his interest, whatever it be, to its full extent, and the possession of his own particular tenant, or the tenant in dower, can, upon no principle, vitiate his deed under the provisions of the act of 1821, ch. 66, or at common law; he sells what he has, and the purchaser gets what he has, that is, his estate subject to the charge of dower or other tenancy; and if he sell the estate as being unencumbered, and gives a cove *357 nant of warranty, and it be encumbered, he shall make it good upon his warranty.
In holding otherwise the circuit judge erred, and his judgment must therefore be reversed, and the case remanded for a new trial.